19 F.3d 1430
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin Ray ERWIN, Defendant-Appellant.
 No. 93-5157.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1993.
Decided March 21, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-92-222-5)
 C. Cooper Fulton, Federal Puplic Defender's Office, Charleston, W.VA, for appellant.
 Michael O. Callaghan, Asst. U.S. Atty., Charleston, W.VA, for appellee.
 Hunt L. Charach, Federal Public Defender, Edward H. Weis, Asst. Federal Public Defender, Charleston, W.VA, for appellant.
 Michael W. Carey, U.S. Atty., Charleston, W.VA, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINS and WILLIAMS, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Melvin Ray Erwin was indicted for unlawful manufacture and possession of a firearm. See 26 U.S.C.A. Secs. 5861(d), (f) (West 1989). The district court denied Erwin's motion to suppress the firearm, concluding that there was a substantial basis to support the state magistrate's determination that probable cause existed for the issuance of a warrant to search Erwin's residence or, in the alternative, that the good faith exception to the exclusionary rule applied. Erwin then entered a conditional guilty plea. See Fed.R.Crim.P. 11(a)(2). He now appeals the adverse determination of his motion to suppress, arguing that the affidavit in support of the warrant failed to establish probable cause and was " 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' " United States v. Leon, 468 U.S. 897, 923 (1984) (quoting Brown v. Illinois, 422 U.S. 590, 610-11 (1975)).
 
 
 2
 The affidavit submitted in support of the warrant stated that on the day preceding the application for the warrant, a confidential informant had personally viewed in Erwin's residence a tool used to burglarize the Ronceverte Pharmacy and various items stolen from it. Affiant Deputy Sheriff David Livingston also orally testified before the magistrate as to the reliability of the confidential informant. Based on this information, the magistrate issued a warrant to search Erwin's residence for items stolen from the pharmacy and the tool used in the burglary. During the search, a sawed-off shotgun was seized.
 
 
 3
 We conclude that the affidavit, when considered in conjunction with the oral statement of Livingston, was not so lacking in indicia of probable cause as to render belief in the existence of probable cause "entirely unreasonable." See United States v. Legg, No. 93-5262, slip op. at 5-7 (4th Cir. Mar. 1, 1994). Thus, the officers executing the warrant were lawfully present in Erwin's apartment, and the seizure of the sawed-off shotgun was proper under the plain view doctrine.* See id. at 7 & n. 2. The denial of Erwin's motion to suppress is therefore affirmed.
 
 
 
 *
 Erwin does not dispute that the officers had a lawful right of access to the shotgun or that its incriminating nature was immediately apparent